UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01806-JLS-ADS                              Date: November 18, 2019
Title: Melanie Buck et al v. Chicos FAS, Inc. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                           Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE MISJOINDER**

This is a workplace discrimination action jointly brought by Plaintiffs Buck, Gray, and Manfredonia. (*See* Compl., Doc. 1-2.) Having reviewed the Complaint, the Court ORDERS Plaintiffs to show cause as to why the Court should not sever Plaintiffs as misjoined.

In this litigation, Plaintiffs each assert seven claims based on alleged workplace discrimination by Defendants on the basis of disability. (Compl. ¶¶ 11-28.) However, each Plaintiff suffered from a different disability and recounts a different set of facts precipitating her termination or resignation from employment. (*See id.*) Accordingly, it is not clear from the face of the Complaint that Plaintiffs' claims arise from the same transaction or occurrence, and as such, should be tried jointly.

Fed. R. Civ. P. 20(a) provides that a person may be joined as a plaintiff in an action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (citing Fed. R. Civ. P. 21). And a court may do so by motion or *sua sponte*. Fed. R. Civ. P. 21. Under those circumstances, courts "can generally dismiss all but the first named plaintiff without

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01806-JLS-ADS　　　　　　　　　　　　　　　Date: November 18, 2019
Title: Melanie Buck et al v. Chicos FAS, Inc. et al.
_____

prejudice to the institution of new, separate lawsuits by the dropped plaintiffs against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint." *Id.* (internal quotation omitted). "Even if [the Rule 20(a)] test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo v. Allsup's Convenience Store, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (internal citations omitted) (relying in part on *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)). The district court should "carefully [weigh] the arguments in favor of and against joinder," but is vested with "broad discretion with which [to determine the appropriateness of] severance." *Coleman*, 232 F.3d at 1297.

　　　Based on a review of the allegations in the Complaint, it appears that Plaintiffs may have been misjoined. Accordingly, Plaintiffs are ORDERED to show cause, in writing, no later than **fourteen (14) days** from the date of this Order, why the Court should not sever the misjoined Plaintiffs. Defendants may file a separate, consolidated brief by the same date explaining their position on the matter of severance. Briefing by the parties shall not exceed **ten (10) pages**.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Preparer:　tg